UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   3/30/2021
```

Dewayne Boone,

                                    Plaintiff,

        -against-

Department of Corrections, et al.,

                                    Defendants.

1:20-cv-09409 (RA) (SDA)

ORDER OF SERVICE

STEWART D. AARON, United States Magistrate Judge:

        Plaintiff Dewayne Boone, currently held in the Anna M. Kross Center on Rikers Island,

brings this *pro se* action under 42 U.S.C. § 1983. He initiated this action while he was held in the

Vernon C. Bain Center ("VCBC") in the Bronx, and alleged that the defendants were violating his

federal constitutional rights by not protecting him from contracting COVID-19. By order dated

January 11, 2021, the Court granted Plaintiff Boone's request to proceed without prepayment of

fees, that is, *in forma pauperis* ("IFP").[1] Plaintiff filed a Second Amended Complaint on March 22,

2021. (SAC, ECF No. 11.)

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage

Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court

lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission
to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

### DISCUSSION

### I.   Department Of Correction

The Court must dismiss Plaintiff's claims against the New York City Department of Correction ("DOC") because an agency of the City of New York, like DOC, is not an entity that can be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Ghouneim v. DHS*, No. 1:19-CV-0748, 2019 WL 1207857, at *1 (S.D.N.Y. Mar. 13, 2019), *appeal dismissed*, No. 19-658, 2019 WL 4409920 (2d Cir. June 20, 2019). However, in light of Plaintiff's *pro se* status, the Court liberally construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace "NYC Department of Correction" with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defense the City may wish to assert.

### II.   Defendants Yang and Egan

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Yang and Egan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## III.   **Remaining Defendants**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the City of New York and Commissioner Cynthia Brann waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against "NYC Department of Correction" because it lacks the capacity to be sued and directs the Clerk of Court, under Fed. R. Civ. P. 21, to add the City of New York as a defendant.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Defendant Brann and Defendant City of New York waive service of summons.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Yang and Egan and deliver all documents necessary to effect service to the U.S. Marshals Service.

Finally, the Clerk of Court is respectfully requested to mail a copy of this order to the *pro se* Plaintiff, together with an information package.

**SO ORDERED.**

DATED:       New York, New York
             March 30, 2021

_____
STEWART D. AARON
United States Magistrate Judge

4

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Patricia Yang
        Senior Vice President for Correctional Health Services
        for NYC Health + Hospitals
        55 Water Street
        18th Floor
        New York, New York 10041

2.      Margaret Egan
        Executive Director of the Board of Correction
        1 Centre Street
        Room 2213
        New York, New York 10007