UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/3/2021

---

DEWAYNE BOONE,

                Plaintiff,

        v.

DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

No.  20-CV-9409 (RA)

<u>ORDER</u>

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Dewayne Boone brought this action under 42 U.S.C. § 1983, alleging due process violations based on the conditions of his incarceration during the COVID-19 pandemic.  For the reasons that follow, the Court dismisses this action without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed a complaint in this action on November 9, 2020.  Dkt. 2.  At the time, Plaintiff was incarcerated at the Vernon C. Bain Center in New York, operated by the New York City Department of Corrections.  Plaintiff twice amended his complaint.  Dkts. 4, 11.  By the time Plaintiff filed his Second Amended Complaint, which is the operative complaint, he was held at the Anna M. Kross Center in New York, also operated by the New York City Department of Corrections.  Dkt. 11 at 6.  On June 30, 2021, Defendants City of New York, Cynthia Brann, Patsy Yang, and Margaret Egan filed a motion to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and served Plaintiff by mail.  Service was directed to the state prison to which Plaintiff had since been transferred, the Ulster Correctional Facility.  Dkt. 30.

Having not received a response to the motion to dismiss, the Court ordered Plaintiff to either file a response or inform the Court that he does not intend to do so by no later than September 7, 2021.  Dkt. 24.  The Court received no response to that Order.  On September 13, 2021, the Court again ordered Plaintiff to either file a response to the motion to dismiss or inform the Court that he did not intend to do so by no later than October 15, 2021.  Dkt. 25.  The Court warned that if Plaintiff did not so respond, "the Court will dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  Defendants filed proof of service of that Order to Plaintiff at the Ulster Correctional Facility, Dkt. 26.  After not receiving a response to that Order, the Court offered Plaintiff one more opportunity to respond, again warning that if no response was received by November 19, 2021, "the Court will dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  Dkt. 27.

The Court has still not received a response from Plaintiff.  He has thus not complied with the Court's Orders for nearly three months.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see Belliard v. Royal Bank of Scotland PLC*, 213 F.R.D. 144, 145 (S.D.N.Y. 2003) (dismissing an action *sua sponte* pursuant to Rule 41(b)).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'"

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive."  *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'"  *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b).  First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in nearly three months.  *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue").  Second, the Court's previous Orders repeatedly warned Plaintiff that this action would be dismissed for failure to prosecute if he did not respond.  *Cf. Mitchell*, 708 F.3d at 468 (affirming district court's dismissal of an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal").  Third, this case has been pending for over a year, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

It has recently come to the Court's attention that Plaintiff was apparently released from custody earlier this year and thus may not have received recent filings that were sent to the facility at

which he was formerly held, including Defendants' motion to dismiss and this Court's Orders

directing Plaintiff's response.  *See Inmate Information, Department of Corrections and Community*

*Supervision*, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (indicating, upon a

search of Plaintiff's Department Identification Number, that Plaintiff was released from the Ulster

Correctional Facility on parole on July 6, 2021).  This makes it possible that Plaintiff was not on

notice that the Court would dismiss this action if he failed to respond.

However, it is Plaintiff's obligation to keep his address on file with the Court current—as he

was informed by previous Court Order in January 2021.  *See* Dkt. 7 at 2 ("Finally, it is Plaintiff's

obligation to promptly submit a written notification to the Court if his address changes, and the Court

may dismiss the action if he fails to do so.").  Thus, "although Plaintiff [may] not [have] receive[d]

this Court's . . .  orders warning him that his remaining claims might be dismissed for failure to

prosecute, this was due to his failure to update his address."  *Lopez v. Foot Locker Stores, Inc.*, No.

19-CV-1271 (PGG), 2020 WL 3640074, at *2 (S.D.N.Y. July 6, 2020); *see Robinson v. United States*,

No. 03-CV-1001 (SCR), 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can

be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure

to do so has made it impossible to provide him any notice.").  Indeed, "dismissal for failure to

prosecute is generally proper where the plaintiff has failed to maintain a current address with the

court."  *Salem v. City of New York*, No. 16-CV-7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec.

4, 2017) (dismissing case brought by *pro se* incarcerated plaintiff who had failed to update address);

*see Villa v. Westchester County*, No. 19-CV-0428 (KMK), 2021 WL 2206489, at *1 (S.D.N.Y. June

1, 2021) (dismissing action for failure to prosecute and observing that "Plaintiff has not shown good

cause for his failure to update the Court of his mailing address or otherwise communicated with the

Court").  Plaintiff has had nearly five months to notify the Court of his release and any new address

but has not done so.  Further, because he "has failed to file a current address with the Court, there is no lesser sanction which could be effective . . . [i]ndeed, in this case dismissal without prejudice is the least sanction because there is a pending motion to dismiss that the plaintiff has failed to answer." *Laney v. Ramirez*, No. 10-CV-9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011).  The Court therefore concludes that dismissal is warranted.

Nonetheless, in light of Plaintiff's *pro se* status, the Court concludes that a "less drastic" sanction of dismissal without prejudice is more appropriate than dismissal with prejudice.  *Baptiste*, 768 F.3d at 216 (quoting *Lucas*, 84 F.3d at 535).  Any prejudice to Defendants has been minor as this case is at an early stage.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."); *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (quoting *Amoroso v. County of Suffolk*, No. 08-CV-0826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010))); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice.").  And the Court recognizes that Plaintiff—even if due to his own errors—may not have received the prior warnings from the Court regarding this case.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to close this case.  The Clerk of

Court is also respectfully directed to mail a copy of this Order to Plaintiff at his last-known address, as well as to the following address, which Plaintiff listed on his November 2020 Prisoner Authorization Form: 141 Beach 56th Place, Apartment 10, Queens, New York, 11692.

SO ORDERED.

Dated:  December 3, 2021
      New York, New York

 

_____

Ronnie Abrams
United States District Judge